IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWYNE WHALEY, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4324 |
| | : | |
| WELLS FARGO, *et al.*, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

PAPPERT, J.                                                                                                                     January 9, 2023

Plaintiff Antwyne Whaley filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging race discrimination based on a failed banking transaction and an allegedly related reduction in his credit score. Currently before the Court are Whaley's Complaint ("Compl." (ECF No. 1)) and his Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 2.)[1] Whaley asserts claims against the following Defendants: (1)Wells Fargo; (2) Capital One; and (3) Creditwise. (Compl. at 2.) For the following reasons, the Court will grant Whaley leave to proceed *in forma pauperis* and dismiss his § 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Whaley will be granted leave to file an amended complaint which could include claims Whaley intended to assert.

---

[1] Whaley signed both his Complaint and his Motion for Leave to Proceed *In Forma Pauperis* electronically. (*See* ECF Nos. 1, 2.) These electronic signatures are acceptable. *See* May 13, 2020 Standing Order, *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19.*

I[2]

The gravamen of Whaley's claim is that, as a result of race discrimination on the part of one or all of the Defendants, he experienced a substantial reduction in his credit score following a failed effort to pay his credit card bill. (*See* Compl.) Whaley, who describes himself as African American, alleges that on the morning of January 12, 2022, he forwarded $300.00 electronically from his Wells Fargo checking account to Capital One. (*Id.* at 4.) He alleges that his credit card payment was not due until February 7, 2022, and that the payment was a good faith early payment. (*Id.*) Whaley asserts that the funds were available for transfer at the time of the transaction. (*Id.*)

Whaley alleges that several days later he was contacted by Capital One, which advised him that his payment had been rejected because the funds were not available. (*Id.*) Whaley then allegedly accessed CreditWise's credit reporting service and learned that 72 points had been deducted from his credit score. (*Id.*) Whaley claims he sent letters to Wells Fargo and Capitol One regarding the credit score reduction. In response, Capitol One allegedly blamed the "dark web" for the reduction. (*Id.*)

Whaley alleges that Wells Fargo was responsible for forwarding the requested funds to Capital One. (*Id.*) He further contends that Capital One penalized him for no reason, because even if the requested funds were not transferred, his payment was not late. Whaley states that he has a friend who is a "white American major credit card holder" who allegedly told him that Capital One's actions towards Whaley were racially motivated. (*Id.*) Whaley alleges that he has spoken with other white Americans who

---

[2] The allegations set forth in this Memorandum are taken from Whaley's Complaint. (ECF No. 3.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

also informed him that he was targeted in the manner described because he is African American.  (*Id.*)  Whaley alleges that as a result of the foregoing, he has experienced stress, anxiety and depression.  (*Id.* at 5.)  He has sought therapy for his depression.  (*Id.*)  He requests an award of money damages.  (*Id.*)

II

Because Whaley appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Whaley is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

A

Whaley asserts federal question jurisdiction because he has suffered racial discrimination. (Compl. at 3.) The Court liberally construes his Complaint to assert civil rights claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004).

Whether a private entity is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal

4

quotations and alteration omitted). Whaley does not allege that the Defendants were state actors or acting under color of state law at the time of the alleged occurrence, and nothing in the Complaint suggests that they were.

To the contrary, both Wells Fargo and Capitol One are banks.[3] The Third Circuit has repeatedly held that "constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) (citations omitted). *See also Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 350 (1974) ("[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.") Because Whaley cannot plausibly allege that the named Defendants are state actors, his constitutional claims must be dismissed. Whaley will not be granted leave to amend this claim as to do so would be futile.

B

Construing the Complaint liberally, Whaley may be attempting to assert a claim pursuant to 42 U.S.C. § 1981. Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[3] CreditWise appears to be a credit monitoring product offered by Capital One to its customers. https://www.capitalone.com/creditwise/ (last accessed January 5, 2023). It does not appear to be a separate entity.

42 U.S.C § 1981. "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).

The first two elements of a § 1981 claim require showing that a plaintiff "belongs to a racial minority" and that the defendants had the "intent to discriminate on the basis of race." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). "To state a claim for intentional discrimination, a plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him." *Abdullah v. Small Bus. Banking Dep't of Bank of America*, No. 13-0305, 2013 WL 1389755, at *2 (E.D. Pa. Apr. 5, 2013) (dismissing § 1981 claim where amended complaint did not allege, *inter alia*, how defendant would have been aware of plaintiff's race when it chose not to extend loan).

Whaley's Complaint does not state a plausible 1981 claim, and it is not clear that it was his intention to do so. In an abundance of caution, the Court will grant Whaley leave to amend his Complaint to include if he chooses, a claim under § 1981.

C

Construing Whaley's allegations liberally, it is possible that he intended to assert a consumer credit claim against the named Defendants. The allegedly unfounded reduction in his credit score seems to be the foundation of Whaley's claim. The Fair Credit Reporting Act, therefore, may be applicable. The Fair Credit Reporting Act ("FCRA") was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). The FCRA provides for claims against both consumer reporting agencies and furnishers of credit information.

In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure

7

maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[4]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in a file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *6 (3d Cir. Aug. 8, 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 2022 WL 3149216, at *6 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

The FCRA also places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *3 (3d Cir. Aug. 8, 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)). To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, No. 19-3821, 2021 WL 287752, at *1 (3d Cir. Jan.

28, 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information with the credit reporting agency, and that defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, he has failed to state a plausible violation of the statute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Whaley's Complaint does not state a plausible FCRA claim, and it is not clear that it was his intention to do so. In an abundance of caution, the Court will grant Whaley leave to amend his Complaint to include consumer credit claims if he so chooses.

## IV

For the reasons stated, the Court will grant Whaley leave to proceed *in forma pauperis* and dismiss his § 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Whaley will be granted leave to amend his Complaint for the reasons stated in this Memorandum. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**