IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWYNE WHALEY, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4324 |
| | : | |
| WELLS FARGO, *et al.*, | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                    **March 29, 2023**

In a prior Memorandum and Order, *see Whaley v. Wells Fargo*, No. 22-4323, 2023 WL 137454, (E.D. Pa. Jan. 9. 2023), the Court dismissed Antwyne Whaley's Complaint alleging civil rights claims based on a failed banking transaction that allegedly reduced his credit score.  Construing the allegations liberally, the Court granted Whaley leave to file an amended complaint given the possibility he could state a claim under the Fair Credit Reporting Act.  Whaley filed an Amended Complaint ("Am. Compl." (ECF No. 10)) which asserts only purported FCRA claims.[1]  The Court dismisses the Amended Complaint with prejudice.

---

[1] The Court understood Whaley originally to be asserting civil rights claims based upon allegations of race discrimination.  The Court dismissed any such claim asserted pursuant to 42 U.S.C. § 1983 with prejudice because the Defendants named by Whaley did not qualify as "state actors" as that term is used in § 1983.  *Whaley*, 2023 WL 137454, at *2. The United States Court of Appeals for the Third Circuit had repeatedly held that "constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors."  *Id.* (citations omitted).  In his Amended Complaint, Whaley lists as his "Fifth Cause of Action" a request for "civil penalties" for violations of § 1983.  Because the § 1983 claims have already been dismissed with prejudice, the reasserted claim is likewise dismissed.
   The Court also considered whether Whaley's allegations could satisfy the elements of a race discrimination claim under 42 U.S.C. § 1981 or a claim under the FCRA, ultimately concluding that he could not but permitting him to file an amended complaint if he could cure the defects the Court identified in those claims.  *Id.* at 3-5.  Other than the one reference to § 1983, Whaley now asserts only claims for violation of the FCRA.

I[2]

Whaley again asserts claims against Wells Fargo, Capital One, and Creditwise[3] based on the same events he described originally. Whaley alleges that on the morning of January 12, 2022, he electronically sent $300.00 from his Wells Fargo checking account to Capital One.  (Am. Compl. at 2.)  He alleges that his credit card payment was not due until February 7, 2022, and that his transfer was a good faith early payment.  (*Id.*)  Whaley asserts that the funds were available for transfer at the time of the transaction.  (*Id.*)

Whaley alleges that several days later he was contacted by Capital One, which advised him that his payment had been rejected because the funds were not available. (*Id.*)  Whaley then allegedly accessed the Creditwise "credit reporting tool" that operates through Capital One's online banking app and learned that 72 points had been deducted from his credit score.  (*Id.*)  Whaley asserts that Creditwise is "the messenger in the Lawsuit." (*Id.*)  Whaley alleges he forwarded letters to Wells Fargo and Capital One regarding the credit score reduction, but "both institutions refused to intervene to satisfy the matter."  (*Id.*)  In response, Capital One allegedly blamed a "dark web" identity theft for the reduction.  (*Id.*)  Whaley asserts claims for violation of the FCRA.

---

[2] The allegations set forth in this Memorandum are taken from Whaley's Amended Complaint.  (ECF No. 10.)  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Noted in the Court's prior Memorandum, Creditwise appears to be a credit monitoring product offered by Capital One to its customers.  https://www.capitalone.com/creditwise/ (last accessed March 27, 2023).  It does not appear to be a separate entity.

II

Because the Court granted Whaley leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Whaley is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

The FCRA was enacted "'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Whaley*, 2023 WL 137454, at *3 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). The Court explained previously the law governing the duties of the various entities against whom liability under the FCRA may be imposed. *Id*. at 3-5 (describing the definitions,

3

roles, and duties of "consumer reporting agencies" and "furnishers" of consumer credit data).

In its prior Memorandum, the Court instructed Whaley that in order to state a plausible claim under the FCRA against a furnisher of credit information like Wells Fargo or Capital One, as opposed to the consumer reporting agency itself, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Whaley*, 2023 WL 137454, at *4 (citing *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b) (when a furnisher receives notice from a consumer reporting agency regarding the completeness or accuracy of information provided by the furnisher, the furnisher's duty to conduct an investigation with respect to the disputed information is triggered). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). However, as the Court advised Whaley, "'under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'"[4]  *Id.* at *4 (quoting *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

---

[4] In his Amended Complaint Whaley nonetheless asserts claims against Capital One under § 1681e(b), a provision that applies only to consumer reporting agencies. *See* 15 U.S.C. § 1681e(b) ("Whenever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (emphasis added).)  While

4

Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information with the credit reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, he fails to state a plausible violation of the statute. *Whaley*, 2023 WL 137454, at*5 (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Whaley has again failed to allege a plausible claim under the FCRA against Wells Fargo or Capital One as a furnisher of consumer credit information. He does not contend he filed a notice of dispute with a consumer reporting agency. Rather, he only claims that he filed a notice of dispute with his own bank, Wells Fargo, and Capital One. (Am. Compl. at 2 (alleging only that letters were sent to Wells Fargo and Capital One).) While a consumer is not prohibited from contacting a furnisher directly, the required notice under the FCRA must travel from the consumer to the consumer reporting agency to the furnisher. *See SimmsParris*, 652 F.3d at 358 (explaining that

---

Whaley alleges that Creditwise is a "credit reporting tool" that operates through Capital One's online banking app, and that Creditwise is "the messenger in the Lawsuit" (Am. Compl. at 2), apparently because Whaley used it to determine his credit score, these assertions do not plausibly allege that Capital One is a "credit reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) ("The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")

5

the notice of dispute under § 1681s-2(b) "must be given by a credit reporting agency, and cannot come directly from the consumer"). He also fails to allege that a consumer reporting agency notified the furnisher of information of the dispute and, thereafter, the furnisher of information failed to investigate and modify the inaccurate information.[5] Whaley's FCRA claims are again dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are not plausible.

## IV

Whaley's Amended Complaint against Wells Fargo, Capital One, and Creditwise is dismissed for failure to state a claim. Whaley has failed to cure the defects in his pleading, so the Court concludes further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows dismissing this case with prejudice.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**

---

[5] Because Whaley fails to state a claim against a furnisher, he also fails to show the FCRA violation was willful under § 1681n.